

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> BRIANT PEREZ-HERNANDEZ, <br> Defendant. | Case No. 2:25-mj-00929 <br><br> ORDER OF DETENTION |

On March 3, 2025, Defendant Briant Perez-Hernandez made his initial appearance on a criminal complaint pending in this District. DFPD Jake Crammer of the Federal Public Defender's Office was appointed to represented Mr. Perez-Hernandez. After argument, the Court ordered Mr. Perez-Hernandez detained, and hereby makes the following findings:

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☐ the safety of any person or the community.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

The Court bases its conclusions on the following:

Mr. Perez-Hernandez was not able to provide a point of contact to verify his biographical information. That fact alone tends to suggest a lack of ties to this community. Based on the information he provided to Pretrial Services, Mr. Perez-Hernandez's family ties are all to Mexico: his father, siblings, and son all live there. Mr. Perez-Hernandez also owns property in Mexico.

Mr. Perez-Hernandez has no permanent living situation; he lives in a car outside his sister's house and is not permitted to live inside, apparently,

due to substance abuse issues. While the situation is fairly stable (in that he's lived in his car on his sister's property for a while), living in one's car is a fairly weak tie to this community.

Mr. Perez-Hernandez was employed until recently. His counsel indicated that he intends to start his own business, but a soon-to-be-initiated business does not provide the same communities ties as employment (or even ongoing self-employment) would provide.

On top of these facts, Mr. Perez-Hernandez has a combination of substance abuse and mental health issues that persuade the Court that he may have issues complying with conditions of release. And Mr. Perez-Hernandez offered no one who could be a bail resource or a third-party surety—no one who would take responsibility for helping or motivating Mr. Perez-Hernandez to come to court as ordered.

Based on these facts, and despite the apparently minimal conduct at issue in the case, the Court does not believe that conditions could be set that would ensure Mr. Perez-Hernandez's appearance.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will

deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: March 3, 2025

/s/
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE